## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ERIN BEERY, et al.,

      Plaintiffs,

v.

QUEST DIAGNOSTICS, INC., and
AMERIPATH, INC.,

      Defendants.

Civ. No. 12-cv-00231 (KM)(MCA)

**MEMORANDUM OPINION**

The Fair Labor Standards Act of 1938 provides that an employee may bring an action to recover damages for specified violations on the Act on behalf of herself and other "similarly situated" employees. In this case, three named Plaintiffs filed such an action. After the Defendants moved to dismiss the claims of all three Plaintiffs based on arbitration clauses in their employment agreements, four individuals filed "consent to join" statements in which they sought opt in to the Equal Pay Act collective action as plaintiffs. This Court subsequently dismissed the claims of the three named Plaintiffs based on the contractual arbitration clauses. Whether this case remains justiciable, then, depends on the status of the four individuals who filed consent-to-join forms. For the reasons set forth below I find that, in the absence of conditional certification by the court, the mere filing of consent-to-join forms does not confer party-plaintiff status. Therefore, following the dismissal of all claims of

the three named Plaintiffs, this Court does not retain jurisdiction over the Equal Pay Act claim.

## I. Procedural Background

On April 2, 2012, Plaintiffs Erin Beery, Heather Traeger, and Sandy Cooper filed an Amended Complaint that included a putative collective action claim under the provisions of the Fair Labor Standards Act, as amended by the Equal Pay Act (29 U.S.C. § 216(b)). Defendants moved to dismiss all claims of all three plaintiffs in favor of arbitration. The motions to dismiss the complaint and compel arbitration were fully briefed in August 2012. On October 4, 2012, without seeking conditional certification of the Equal Pay Act claim, Kandace Pritchett, Amy Kloner, and Susan Rodriguez filed consent-to-join forms, in which they sought to opt in to the Equal Pay Act Claim. Racquelle Rockwell filed a similar consent-to-join on November 7, 2012. On January 18, 2013, the named Plaintiffs moved to conditionally certify their proposed Equal Pay Act collective action and to send notice to other employees who might wish to opt in. I administratively terminated that motion on January 29, 2013, because I deemed it prudent to first address Defendants' pending motions to dismiss before addressing Plaintiffs' motion for conditional collective action certification.

On June 17, 2013, this Court dismissed all of the claims of the three named Plaintiffs in favor of arbitration. That June 17, 2013 order directed the parties to submit letter briefs on whether this Court retains jurisdiction over the proposed Equal Pay Act collective action given that certain individuals had

filed consent-to-join forms, but conditional certification had not been granted and court-approved notice had not been sent to employees.

## II.   DISCUSSION

Section 216(b) of the Fair Labor Standards Act sets forth the requirements for becoming a "party plaintiff" in a collective action. It provides:

> An action to recover . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

This Court uses a two-stage certification process to determine whether employees are "similarly situated" for purposes of a FLSA collective action. At the first stage, known as conditional certification, if the court makes a preliminary determination that the complaint has successfully defined a group of similarly situated employees, notice of the suit is sent to this class of employees, and they may join the action by returning a signed consent form to the court. *Zavala v. Wal-Mart Stores, Inc.,* 691 F.3d 527, 535-36 (3d Cir. 2012). The burden for conditionally certifying a collective action requires the plaintiff to show that the "employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Symczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 194 (3d Cir. 2011).[1]

---

[1]     This Court of Appeals case was reversed on other grounds by *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013), the Supreme Court case discussed below.

3

Here, the Court has not conditionally certified the collective action; nor has notice been given to putative opt-ins. Plaintiffs maintain that conditional certification is not necessary for purported opt-ins to attain party-plaintiff status. In Plaintiffs' view, if an individual files a consent-to-join form, that individual should be regarded as a party-plaintiff in the case. Recent Supreme Court precedent counsels against Plaintiffs' interpretation and suggests that plaintiff status does not arise unless and until the court finds that the named plaintiffs and the opt-in party are "similarly situated," conditionally certifies the class and approves the sending of notice.

In *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), the Supreme Court granted *certiorari* to resolve whether a FLSA collective action is justiciable when the plaintiff's individual claim becomes moot. In *Symczyk*, the Defendant/Employer served the Plaintiff with an offer of judgment under Fed. R. Civ. P. 68. The offer included $7,500 for alleged unpaid wages, in addition to reasonable fees and costs. *Id.* at 1527. After Plaintiff failed to respond to the offer, the employer moved to dismiss for lack of subject matter jurisdiction. The employer argued that because they offered Plaintiff complete relief on her claim, she no longer possessed a personal stake in the outcome of the suit; therefore, the action was moot. The District Court found that it was undisputed that no other individuals had opted-in to the suit and that the Rule 68 offer of judgment fully satisfied her individual claim. Therefore, the district court dismissed the suit for lack of subject matter jurisdiction. *Id.*

The Third Circuit reversed. The Court of Appeals reasoned that calculated attempts by some defendants to "pick off" named plaintiffs with strategic Rule 68 offers could short circuit the certification process and thereby frustrate the goals of collective actions. The Third Circuit ordered the case remanded in order to allow respondent to seek "conditional certification" in the District Court. *Id.*

The Supreme Court reversed based on "[a] straightforward application of well-settled mootness principles . . . ." *Id.* at 1529. The Supreme Court reasoned that "[u]nder the FLSA, by contrast [with Rule 23 class actions], *'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action.* The sole consequence of conditional certification is the sending of court-approved written notice to employees . . . *who in turn* become parties to a collective action only by filing written consent with the court, § 216(b)." *Id.* at 1530 (emphasis added; internal citation omitted).

It is clear that the Supreme Court envisioned the more common sequence of conditional certification, followed by court-approved notice, followed by the filing of opt-in forms. Following that timeline, conditional certification alone does not confer party status. Implicit in *Symczyk's* holding is that *all* of these conditions – (1) conditional certification, (2) notice to purported opt-ins, and (3) the filing of consents to join – are required for opt-ins to become parties to the action. Were it not so, there would be far less reason to

fear that defendants could extend individual Rule 68 or settlement offers and moot the action.

Here, as in *Symczyk*, the named Plaintiffs' claims were dismissed in the absence of any conditional certification of the Equal Pay Act collective action claim. [2] Retaining jurisdiction over the named Plaintiffs' now-defunct Equal Pay Act claim, swapping in as plaintiffs the four individuals who filed consent-to-join forms, would be inconsistent with the reasoning, if not the holding, of *Symczyk*. *Symczyk* contemplates that district courts will first determine that employees are "similarly situated" to the named plaintiffs, to supervise the sending of proper notice, and then join opt-ins as co-plaintiffs. Until the status of the named plaintiffs and their claims is settled, it is impractical if not impossible to determine whether third parties are "similarly situated" to them.

The four individuals who filed consents-to-join without conditional certification or court ordered notice are not party-plaintiffs in this case.

For the foregoing reasons, this Court lacks jurisdiction over the Equal Pay Act claim, and it is ordered that the case is **DISMISSED** in its entirety. This dismissal is without prejudice to the ability of the putative opt-in plaintiffs to pursue whatever remedies may be available to them. It is the intention of the Court that this order finally dispose of all claims as to all parties in this case.

---

[2]     I note in passing that the named Plaintiffs' claims in this case were not mooted by some defense "pick-off" stratagem; rather, they were properly dismissed in light of the arbitration agreements. The opt-in plaintiffs, then, are trying to join in with claims and parties that never belonged in federal court in the first place.

KEVIN MCNULTY
United States District Judge

Date: July 8, 2013